**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZHENHUA FU,<br><br>                Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>                Respondent. | No. 12-73013<br><br>Agency No. A087-876-531<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2014[**]

Before:     PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

Zhenhua Fu, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum and withholding of

removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review factual

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

findings for substantial evidence and questions of law de novo. *Jiang v. Holder*, 611 F.3d 1086, 1091 (9th Cir. 2010). We dismiss in part and grant in part the petition for review, and we remand.

We lack jurisdiction to consider Fu's CAT claims, which were raised for the first time to the court. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

The IJ found that Fu was not credible, but noted that if Fu had been credible the IJ would have found that he had suffered past persecution related to China's enforcement of its coercive population control program. The BIA assumed that Fu was credible, but found that he had not shown past persecution on account of "other resistance" to China's coercive population control program. The BIA erred in "making its own factual finding on the matter," rather than remanding "the factual inquiry to the IJ," where the IJ decision neither relied on this basis nor provided sufficient findings of fact to support the BIA's determination. *See Brezilian v. Holder*, 569 F.3d 403, 413 (9th Cir. 2009); *Rodriguez v. Holder*, 683 F.3d 1164, 1170 (9th Cir. 2012). Thus, we grant the petition for review and remand Fu's asylum and withholding of removal claims for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.**